IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VERA LE DOUX,

    Plaintiff,

vs.  No. CIV 02-1588 JB/LAM

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion for Summary Judgment, filed August 22, 2003 (Doc. 10). The Court held a hearing on this motion on December 16, 2004. The primary issues are: (i) whether the Court should review the issues that Plaintiff Vera Le Doux' IRS Appeals hearing raises under an abuse of discretion or de novo standard; (ii) whether Le Doux' zero tax returns with attachments that challenge the IRS' authority to collect income tax constitute frivolous tax returns under 26 U.S.C. § 6702; and (iii) whether IRS Appeals' refusal to permit Le Doux to record her collection due process hearing was harmless error. Because the Court concludes that Le Doux' tax returns constitute frivolous tax returns and that IRS Appeals' refusal to permit Le Doux to record her collection due process hearing was harmless error, the Court will grant the United States' Motion for Summary Judgment.

## BACKGROUND

In September of 1999, Le Doux filed her 1997 and 1998 Individual Income Tax Returns. See Form 1040 U.S. Individual Income Tax Return 1997, executed March 28, 1999; Form 1040 U.S. Individual Income Tax Return 1998, executed September 3, 1999. Even though IRS records reflect

that Le Doux had received over $20,000.00 in self-employment income during 1997, see IRS Income Transcript at DOJ-000009, dated July 10, 2003; Declaration of James Bernatawicz ¶ 2, at 1 (executed July 22, 2004), she filled these returns with zeros and attached a statement asserting that "no section of the Internal Revenue Code . . . [e]stablishes an income tax 'liability.'"  Form 1040 U.S. Individual Income Tax Return 1997, at 3; Form 1040 U.S. Individual Income Tax Return 1988, at 3.  Based on these zeros and frivolous attachments, the IRS assessed Le Doux with $500.00 in frivolous return penalties and mailed  Le Doux a statutory Notice of Balance Due.  See Form 4340 Certificate of Assessments, Payments, and Other Specified Matters at DOJ-000026 & DOJ-000030.

Le Doux refused to pay these penalties, so the IRS then filed a Notice of Federal Tax Lien.  See Notice of Federal Tax Lien.  The IRS issued Le Doux a notice of this filing on March 12, 2002.  See Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, dated March 12, 2000.  Le Doux responded to this notice by requesting a collection due process hearing for tax year 1997.  See Request for Collection Due Process Hearing, dated April 5, 2003.

IRS Appeals decided to schedule a hearing for both the 1997 and 1998 penalties.  See Notice of Determination, dated November 25, 2003 (tax period 1996-12, 1997-12); Notice of Determination, dated November 25, 2003 (tax period 1997-12, 1998-12).  Le Doux asserts that, at this hearing, she raised the following issues: (i) whether any law "makes Plaintiff liable for income taxes," see Complaint ¶ 16(a), (j), at 5, 6; Hearing Follow Up Letter ¶¶ 1, 9, at 1, 2; (ii) whether IRS Appeals violated 26 U.S.C. § 7521 by refusing to let her record the IRS Appeals hearing, see Complaint ¶ 16(b), at 5; Hearing Follow Up Letter ¶ 2, at 1; (iii) whether IRS Appeals properly verified the penalty assessment and IRS compliance with statutory collection procedure, see Complaint ¶ 16(c), at 5; Hearing Follow Up Letter ¶ 4, 5, at 1; and (iv) whether Le Doux received

a proper statutory Notice and Demand, see Complaint ¶¶ 16(g),(i), at 6; Hearing Follow Up Letter ¶ 6, at 2. IRS Appeals responded to these issues by providing Le Doux with IMF Literal transcripts that verified Le Doux' penalty assessments and the IRS' compliance with statutory procedures, but Le Doux continued challenging the United States' authority to tax income. See Hearing Follow Up Letter at ¶ 1, at 1.

After the hearing, on November 25, 2002, IRS Appeals issued a Determination that sustained the frivolous return penalties and federal tax lien. See Civil Penalty Notice of Determination at 1. Le Doux responded within thirty days by filing a Complaint with the Court. The United States moves the Court pursuant to rule 56 of the Federal Rules of Civil Procedure to sustain the determinations of the IRS Appeals.

## STANDARD OF REVIEW

Section 6330 of the Internal Revenue Code does not state which standard of review courts should apply in collection due process reviews like Le Doux', but legislative history does. A House Conference Report states courts should apply de novo review where "the validity of the tax liability [is] properly at issue." H.R. Conf. Rep. No. 105-599, at 266 (1998). See Sego v. Commissioner, 114 T.C. 604, 610 (2000)(holding that de novo review applies when the underlying tax liability is properly at issue). Otherwise, courts should apply abuse of discretion review. See H.R. Conf Rep. No. 105-599, at 266 (1998); Sego v. Commissioner, 114 T.C. at 610. This legislative history does not define liability and non-liability issues, but I.R.C. § 6330 helps by listing examples of non-liability issues: (i) appropriate spousal defenses; (ii) challenges to the appropriateness of collection actions; and (iii) offers of collection alternatives. See 26 U.S.C. § 6330(c)(2)(A).

In cases like Le Doux', where the taxpayer challenges a frivolous return penalty, courts do

not agree on which standard to apply. For example, a United States District Court for the District of Nevada court held in Lemieux v. United States, 230 F.Supp.2d 1143 (D. Nev. 2002), that a frivolous return penalty is an underlying liability that courts should review under the de novo standard, see id. at 1145-1146 (citing Dogwood Forest Rest Home, Inc. v. United States, 181 F. Supp. 2d 554, 559 (M.D.N.C. 2001)), but the United States District Court for the Western District of Tennessee held in Carroll v. United States, 217 F.Supp.2d 852 (W.D. Tenn. 2002), that a frivolous return penalty is a non-liability issue that courts should review under an abuse of discretion standard. See id. at 855-856.

## **LIABILITY UNDER 26 U.S.C. § 6702**

26 U.S.C. §6702 provides:

(1) [If] any individual files what purports to be a return of the tax imposed by subtitle A but which (A) does not contain information on which the substantial correctness of the self-assessment may be judged, or (B) contains information that on its face indicates that the self-assessment is substantially incorrect; and (2) the conduct referred to in paragraph (1) is due to (A) a position which is frivolous, or (B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax law, then such individual shall pay a penalty of $ 500."

When considering liability under § 6702, courts look for three elements: (i) a purported return; (ii) a failure to provide information upon which the IRS can judge the return's correctness; and (iii) a frivolous position or desire to impede tax administration. See, e.g., Bradley v. United States, 817 F.2d 1400, 1402 (9th Cir. 1987); Davis v. United States Government, 742 F.2d 171, 172 (5th Cir. 1984). "The crucial inquiry pertinent to the assessment of the frivolous return penalty under 26 U.S.C. § 6702 is whether the purported return lacks 'information on which the substantial correctness of the self-assessment may be judged.'" Borgeson v. United States, 757 F.2d 1071, 1073 (10th Cir. 1985)(citing 26 U.S.C. § 6702).

## ANALYSIS

The Court need not decide whether to review a frivolous return penalty under the de novo standard or an abuse of discretion standard. Assuming without deciding, that the de novo standard applies, IRS Appeals correctly determined that the frivolous return penalties assessed against Le Doux were accurate and certainly did not abuse its discretion when it upheld the federal tax lien against Le Doux. And because IRS Appeals did not make a legal error, it did not abuse its discretion.

### I. THE COURT NEED NOT DECIDE WHETHER TO REVIEW THE IRS APPEALS' DECISIONS UNDER A DE NOVO STANDARD OR AN ABUSE OF DISCRETION STANDARD.

Le Doux' challenges the validity of a frivolous return penalty. The United States contends that a frivolous return penalty is more like a liability than a collection alternative or affirmative defense, see e.g., Lemieux v. United States, 230 F.Supp.2d at 1145-46; Dogwood Forest Rest Home, Inc. v. United States, 181 F. Supp. 2d at 559 ("[W]here the plaintiffs challenge the refusal to abate penalties, courts should use a de novo standard of review."), and should be reviewed under a de novo standard. The United States contends that the IRS Appeals' decision to prohibit Le Doux from recording her collection due process hearing is not a challenge to the validity of the underlying penalty amount, see Muhammad v. United States, No. 00:02-2677-17B D, 2003 U.S.Dist. LEXIS 7508, at *6 -*7 (D.S.C. April 9, 2003), and should be reviewed under an abuse of discretion standard. The Court, however, need not decide the standard of review. Assuming, without deciding, that a de novo standard of review applies, the Court will uphold IRS Appeals' decisions. And because IRS Appeals did not make a legal error, it also did not abuse its discretion

### II. LE DOUX' 1997 AND 1998 INDIVIDUAL INCOME TAX RETURNS ARE FRIVOLOUS UNDER 26 U.S.C. § 6702.

Income tax returns are frivolous under §6702 if there is: (i) a purported return; (ii) a failure to provide information upon which the IRS can judge the return's correctness; and (iii) a frivolous position or desire to impede tax administration. See Bradley v. United States, 817 F.2d at 1402; Davis v. United States Government, 742 F.2d at 172.

Le Doux' filings qualify as purported returns because she prepared them on official Form 1040s and signed them. See Form 1040 U.S. Individual Income Tax Return 1997; Form 1040 U.S. Individual Income Tax Return 1988. Le Doux admits in an attachment to these filings that she intended the IRS to treat them as tax returns: "I Vera Le Doux, am submitting these as part of my . . . income tax returns." Form 1040 U.S. Individual Income Tax Return 1997, at 3; Form 1040 U.S. Individual Income Tax Return 1988, at 3.

Le Doux failed to provide information upon which the IRS could judge the return's correctness. Le Doux' returns contain zeros, not the financial information the IRS needs to judge the correctness of her return. See Bradley v. United States, 817 F.2d 1400, 1403-1404 (9th Cir. 1987) (holding blank return did not provide sufficient information despite taxpayer's income being below the filing threshold ); Hoffman v. United States, 209 F. Supp. 2d 1089, 1093 (W.D. Wash. 2002) (noting return filled with zeros does not contain sufficient information); Lemieux v. United States, 230 F. Supp. 2d at 1146 (D. Nev. 2002) (holding return filled with zeros despite W-2 showing considerable income was substantially incorrect or frivolous).

Le Doux' return was based on a frivolous position. Le Doux challenges her liability for frivolous return penalties because she contends that no statute makes her liable for federal income tax. Liability for a frivolous return, however, does not depend on income tax liability. No underlying tax liability is required to satisfy the requirements of § 6702. See Bradley v. United States, 817 F.2d

at 1403-1404 (upholding frivolous tax penalty against tax payer who was not required to pay tax or even file a tax return).

Le Doux also challenges her liability for frivolous return penalties because she contends that she did not receive a proper Form 17 Notice and Demand. This argument is without merit. The IRS may send notice and demand on any form so long as it includes the information that 26 U.S.C. §6303 requires. See Long v. United States, 972 F.2d 1174, 1181(10th Cir. 1992)("Not only does the IRS Manual not confer on the taxpayer a substantive right to receive a particular form, but also 'the form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under 26 U.S.C. 6303(a).'")(quoting Elias v. Connett, 908 F.2d 521, 525 (9th Cir. 1990)); Jones v. Commissioner, No. 02-60964, 338 F.3d 463, 466 (5th Cir. 2003)(holding notice of balance due satisfies notice and demand requirements); Hoffman v. United States, 209 F. Supp. 2d 1089, 1094 (W.D. Wash. 2002)("Notice and demand is not required to be sent on any particular form so long as the requisite information is included.").

Finally, Le Doux challenges her liability for frivolous return penalties because she contends that IRS Appeals did not properly verify statutory assessment and collection procedures. IRS Appeals may fulfill the verification requirement in 26 U.S.C. § 6330(c) by relying on computer transcripts. See Roberts v. Commissioner, 329 F.3d 1224, 1228 (11th Cir. 2003); Hoffman v. United States, 209 F. Supp. 2d 1089, 1094 (W.D. Wash. 2002) (noting Appeals Officer may rely on computer transcripts). On September 4, 2000, the IRS assessed Le Doux for both the 1997 and 1998 frivolous return penalties and sent her a statutory notice of balance due. See Form 4340 Certificate of Assessments, Payments, and Other Specified Matters. On March 12, 2003, the IRS sent Le Doux a Notice of Federal Tax Lien Filing that explained her right to contest the IRS lien filing at the

collection due process hearing.  See Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, dated March 12, 2002.

All of Le Doux's arguments are based on positions that the courts have repeatedly rejected. The Court will uphold the frivolous return penalty.

### III.   IRS APPEALS' REFUSAL TO ALLOW LE DOUX TO RECORD HER COLLECTION DUE PROCESS HEARING WAS NOT ERROR AND, AT BEST, HARMLESS ERROR THAT DOES NOT WARRANT AN ADDITIONAL HEARING.

Le Doux argues that IRS Appeals violated 26 U.S.C. § 7521(a) by not allowing her to record her collection due process hearing.  The Court recently considered this issue in Boyd v. USA, No. CIV 03-250/JB (D.N.M.).  The Court concluded that a taxpayer is not entitled to make to make audio recordings of collection due process hearings.  See Boyd v. USA, No. CIV 03-250/JB, Memorandum Opinion and Order, at 7 (D.N.M., filed April 30, 2004)(Browning, J.).  IRS Appeals' refusal to allow Le Doux to record her collection hearing was not error.  Even if the Court were to find that the IRS should have allowed Le Doux to make an audio recording of her hearing, the IRS' refusal to allow the audio recording constitute harmless error.

**IT IS ORDERED** that the United States' Motion for Summary Judgment is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Vera Le Doux
Ranchos De Taos, New Mexico

    *Pro se Plaintiff*

Eileen J. O'Connor
  Assistant Attorney General
Washington, D.C.

 – and –

David Iglesias
  United States Attorney
Albuquerque, New Mexico

 – and –

Christopher R. Egan
  Attorney, Tax Division
Department of Justice
Dallas, Texas

      *Attorneys for the Defendant*